The United States v. Rivera is the next case on the calendar. Robert Hendricks Good morning, your honors, and may it please the court. My name is Robert Hendricks, and I am joined at counsel's table by Tracy Hayes, assistant federal defender. We are here today on behalf of the defendant appellant, Miguel Rivera. At the heart of this appeal is a verdict that obscured whether the jury unanimously agreed that Mr. Rivera possessed a discarded firearm, an incompatible bullet, or both. The district court had several opportunities to prevent this outcome. The district court could have permitted the government, as it planned to do, to proceed with the second superseding indictment and separate these two possessions into separate counts. The district court could have forced the government to elect one of the possessions to move forward with that trial. Or the district court could have provided the specific unanimity instruction that defense counsel repeatedly requested. Because the court did not avail itself of these curative actions, Mr. Rivera was deprived of a Sixth Amendment right to unanimous jury. Let me just ask, hasn't every circuit, we haven't said anything about this, but hasn't every circuit to have considered the question concluded that the specific firearm possessed is not an element of a section 922G charge so that there doesn't have to be a unanimous verdict as to which of the guns or which piece of ammunition is at issue? That is correct, Your Honor. So are you asking us to say that all those other circuits just got it wrong? No, Your Honor. So we're not contending that the means of committing the offense, which would have been the type of firearm, should be treated as an element. What we are saying is that a unit of prosecution under 922G1 is tied to the incidence of possession. And we're saying there were two incidences of possession. So if we were saying, for example, to Your Honor's point, that the means of the offense were actually elements, we would be asking for three different charges. We would have been asking for specific unanimity with the ammunition inside the rifle, the rifle, and the single bullet. We're simply asking for two because we believe that there were two incidences of possession. The practical concept— I don't follow that. When he was taken down to the Waterbury Police Station, he essentially confessed that he had both the loaded firearm and the bullet. So what are the unrelated instances of possession? That is correct, Your Honor. He did confess at the station. However— I mean, is that seriously disputed, that he possessed both of those things? We would concede that he confessed to both of those. And we would also concede that the evidence is stronger with respect to the bullet. So the practical consequences of lumping these offenses together is it creates asymmetric evidence and compounds that with— What does that mean? When you say asymmetric evidence, what do you mean? So with respect to the bullet, the bullet is—the possession is based on direct evidence, the direct evidence of the two officers. It's found in his pocket. Two officers provide direct evidence of finding the bullet. You also have the confession. The defense with respect to that, because it's a different factual theory, would have been a chain of custody defense. With respect to the firearm, nobody actually sees Mr. Rivera with the firearm. It's based on circumstantial evidence. And so what this creates, the government had the bullet. It was the first piece of evidence in this case was the recovery of the bullet. It does not get added to the indictment until two months before trial. And so what this does, by doing so, the government effectively bootstraps— it takes the enhancement driving conduct, which is the possession of the firearm, and it bootstraps that to the possession of the single bullet. And without curative action— How do you mean bootstraps it to the possessions? What does that mean? By collapsing these into one offense, into one possession, even though we would contend that these are two possessions. And without a curative instruction or curative action to ensure that the verdict is unanimous with respect to each possession. The government used circumstantial evidence that he had used the firearm in connection with the shooting, and they traced it to the—near the dumpster and so forth and so on. I mean, it's circumstantial, but so what? It was evidence that the jury accepted. So Your Honor's point is really getting at sufficiency. What we're getting at is the prejudice that comes from lumping these two offenses together. What's the prejudice? The prejudice is the fact that you have stronger evidence with respect to the bullet, direct evidence that could only be contested by a chain of custody defense. Whereas the firearm, there is a theory with respect to where it lands in relation to the flight path, and it's based on circumstantial evidence. Nobody actually sees him with the firearm. And so what this does is it takes the jury's attention away from what we would consider the weaker part of the government's case, which is the enhancement driving conduct. Federal defendants wouldn't let that happen. The reality is it compromises trial strategy. Because instead of being able to make strategic concessions or, for example, plead to one of the counts, we're forced to dilute our defense. And it takes the jury's attention away from the weaker parts of the government's case. So is that how we, because I've always found this a confusing area of law, is that how you tell whether an indictment is duplicitous? You look at what the defense theory, you know, how would the defendant most like this to be charged? I mean, what if the gun was, what if this arrest was made in a bedroom and the bullet is on his person, but the gun is in the closet? Does that need to be charged as two counts or properly charged as one or does it make any difference? It would depend on the specific factual circumstances. It's a highly fact-specific inquiry. And what we would contend is there are two possessions because the firearm and the bullet are seized at different places and at different times. And I understand that the firearm, it's seized probably, you know, it's a backyard away from where the bullet is recovered. But courts have narrowly defined what same time and same location looks like. So, for example, in the United States versus Kennedy out in the Third Circuit, two guns that were seized within eyeshot of one another are not found to be in the same location. In Verrecchia, which is the case out of the First Circuit, that goes to the timing. There were 23 guns all together immediately before seizure. Two were separated from the pack and those were seized at different places at different times. And those justified separate charges. So the definition of same place and same time is very narrow. And so I see my time is running out here. But we would contend that these were seized at different places and at different times. And regardless, even if they were seized at the same place and the same time, the manner of treatment of these firearms, the course of conduct with respect to these firearms was different. One was in- Matter of treatment, what do you say? With respect to even when items are seized at the same time, at the same time, in the same place. Courts have looked to defendant's course of conduct to define the character of possession. And so here you have an incompatible bullet. It doesn't go with the firearm that was discarded. That's the first piece. And the second piece is you have case law, both from this circuit and Estevez, as well as- You mentioned that the government did not prove possession of the firearm beyond a reasonable doubt. We understand that we have an uphill battle on sufficiency. But we believe that the sufficiency analysis helps inform the prejudice of the duplicity. It forced our hand at trial to focus on both instead of one. It prevented us from making strategic concessions. So are you arguing to us that because of the mingling of these, of the bullet and the firearm, the firearm possession was not, albeit it was based on circumstantial evidence, was not proven beyond a reasonable doubt? Yes. We would argue that the firearm was not proven beyond a reasonable doubt. And the practical consequence of that is there's a possibility under the- I'm sorry. Excuse me. Is that argument made in the brief? That the evidence is insufficient with respect to the firearm? Was it proved beyond a reasonable doubt? Yes. We include a sufficiency argument in our briefing. Thank you, Your Honors. Good morning. May it please the Court. My name is Natasha Friesmith, and I represent the government in this appeal. This Court should affirm the judgment of the District Court for three reasons. First, the indictment properly charged three prohibited items in a single count. Second, the Court's instruction regarding possession was correct. And finally, there was more than sufficient evidence to support the jury's verdict regarding the single count. To begin, the indictment here was not duplicitous, as the firearm and the ammunition were all seized on the same date and the same time from the same general location by the same defendant. What the defendant is essentially asking us to do is flip the rule. The rule right now is that the default is it's a single count, unless there is a reason to separate it. And then the case law says the government may charge it separately. It does not say the government is required to do so. And in fact, this Court in Archaea has found that this Court declined to adopt a Fifth Circuit ruling that required conduct that could be charged separately as must be charged separately. The law in this circuit is that the government may charge if we can establish distinct, separate instances of possession supported by separate evidence. Here, all of the government's evidence pertaining to the three prohibited items was essentially the same. As you saw in our brief, it consisted of testimony from primarily one officer who encountered Mr. Rivera and then took flight. And after that, each of the events occurred that resulted in the collection of these prohibited items and then the defendant's confession to the simultaneous possession of all three prohibited items. Well, the defense says that the case at trial is substantially different, and it makes sense to me that it would be, for the bullet found on the defendant's person and for a gun where there's some element of confusion as to how exactly it ended up where it was and was certainly not in his hands or within the officer's eyesight at the time that the defendant is apprehended. Does that make any difference that your addition of the bullet essentially made it much easier to obtain a conviction in this case? No, Your Honor. Under Almeda, the question is, can the government charge it separately? The default is it must be charged together. So the fact that the defense's strategy might have been different doesn't affect the government in this case would have been constrained because all of its evidence came from the same course of conduct, the same continuing possession. The focus is not on defense strategy. It is whether or not there is a unit of possession that is continuous. And here the defendant has tried to emphasize cases where they looked at multiplicity. In that question, he's correct that multiplicity and duplicity are two sides of the same coin. However, it's important to note which side we're on because if the question is multiplicity, it's can they be charged separate. Duplicity is can they not be charged together. Here the defendant is essentially asking the government to be required to charge something that had all the same proof separately, apparently for their own strategy reasons. But the government is constrained by the law. And under Almeda, our discretion would have been curtailed given that the case pertained to a single course of conduct. And there is certainly support in the idea that because the focus of 922G charges is on the possession of the item, or the particular person, if there's any type of ambiguity in terms of whether or not it should be charged separately or together, it should be charged together because that exposes the defendant to less penalties. Now, the Court also gave a proper jury instruction. We believe that this Court should adopt what the other circuits who have addressed this issue have found and can determine that the particular prohibited item is a means, not an element, of a 922G charge. The First Circuit's case for Racha is persuasive. It looked at statutory language. It also looked at legislative history and tradition and the risk of unfairness to the defendant and arrived at the conclusion that the particular item is a means, not an element, of the offense. That's also consistent with this Court's rulings in different applications, such as pertaining to the particular type of drug that's involved in a nonmandatory drug charge, or perhaps the date of particular possession of a 922G charge, or the type of conduct used as a theory in which the particular statute was violated. Finally, this Court should find that there is more than sufficient evidence to support the jury's verdict. First, we will note that in the defendant's reply brief, he proposes two proposals as to what the evidence pertaining to the firearm possession could mean. One thing that's interesting is under the first proposal, it's consistent with the government's evidence. Given that the defendant even concedes that there is one theory in which the government could have met its burden, that is enough under the deferential standard here, because all that is required is that any rational juror could have found guilt based on the evidence presented, and any inferences are drawn in the government's favor. Further, the government takes issue with the request to supplement the record with judicial notice. The cases that are cited are not particularly on point. They're very distinguishable in terms of the nature of the judicial notice that is taken. Those cases pertain to taking judicial notice of agreed-upon distances. Here, you are asked to draw inferences based on photographs and Google Maps. Those are arguments that are more appropriate for at trial, before the district court, or a finder of fact. And finally, all of the defendant's remaining arguments pertain to credibility of a witness, and that is the province of the jury to consider. And here, given that there was more than sufficient evidence to support the verdict, the verdict should stand. If there are no questions, the government will rest on its brief and request the court affirm the judgment below. We'll hear rebuttal. Thank you. I want to start with the government's assertion that it need not charge these in separate counts. That is not our position. We are not trying to dictate the government's charging decisions. They can charge these in one count. There is such a thing as permissible duplicity, and that's why these decisions about multiplicity are phrased as discretionary. The government doesn't have to bring two counts. What we're concerned with is that there was no curative action taken by the court, like a specific unanimity instruction, to cure the prejudice that comes from a duplicitous count. And so the real question, and this is where the multiplicity cases are helpful, because they're the exact same. What charge did you request that you think you're entitled to that you didn't get? The specific unanimity instruction would have been that the jury had to be unanimous with respect to either the possession of the firearm and ammunition, or with respect to the possession of the single bullet, or with respect to possession of both. So it would have been a specific unanimity instruction as to which unit of prosecution, which we would contend there are two units of prosecution, the two instances of possession. And that gets at... And that was requested below? Yes, yes. And the court made clear at, I believe it was Appendix 142, that the ruling was preserved both on the specific unanimity instruction as well as the motion to dismiss. And your theory that the indictment was duplicitous is that you can have a permissible... It may fall within the realm of a permissible duplicitous indictment, but you're then entitled to that instruction. What we would submit is that there is prejudice. The real question, typically what happens is courts are waffling on whether there's duplicity, and they look to prejudice, they find no prejudice because a specific unanimity instruction is given. Because there was no specific unanimity instruction, there is prejudice. So the real question is, is this one unit of prosecution, or is this two units of prosecution? And our contention is that this is two units of prosecution because they were seized at a different place at a different time. And I would refer the court to the Gadeen decision that we filed in our supplemental filing from the First Circuit. If you had gotten your wish on that, your client's exposure would have been... Sentencing exposure would have been dramatically higher, wouldn't it? This is where the uniqueness of this case comes in. Yes, it would have driven up the statutory exposure. How much? It would have doubled the statutory exposure. It would have gone from 15 to 30. But what it does is it drives down the guidelines. Because 922 G1 cases outside of the ACCA context, the sentencing data makes clear those are driven by the guidelines. Over 80% of cases, I believe it's over 80%, are either within the guidelines or below the guidelines. And here there were four levels added because of the stolen firearm and the firearm with the ability to accept a large capacity magazine. And so those four levels are what are driving the sentence, not the statutory exposure. Well, remind me again. I'm sure I understood your answer. So let's say the government separated them out and he got convicted of... Separated... Separate indictments and he got convicted of both. What would have been his exposure? Tell me again what would have been the exposure on the second one? Under the current 922 G1, it would be 30 years. So it would be 15 and 15. I mean... That would be heavy lifting even for the federal defenders. And we're not asking this court to expand criminal liability under 922 G1 or slice an offense under 922 G1 more thinly than the case law allows. What we are asking for is an honesty about what is happening within the count. If there are two offenses, we're not even necessarily asking the government to split it out. We just want the court to take curative action so that the jury is focused on the proper unit of prosecution. So it's unanimous to each of the important questions here. And because these were scenes that took place at different times and because the manner of possession was different with respect to both, we would contend that there were two separate possessions which would have entitled us to a specific unit of instruction.  Thank you both. We'll argue. Very helpful.